IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-06-796 (6) |
| | § | |
| OFELIA QUINTANA-ZAVALA, | § | |
|     Defendant-Movant. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR REDUCTION OF SENTENCE

On February 8, 2008, the Clerk's office received a letter motion from Defendant Ofelia Quintana-Zavala ("Quintana"), which has been properly docketed as a motion to modify sentence. (D.E. 418.) In it, Quintana asks the Court for a reduction in her sentence, because of the hardships that her incarceration is causing for her family. (D.E. 418 at 1.) She explains that she has six children, and that her brother and her 18-year old daughter are caring for the children, but that the situation has caused a "real strain for income and appropriate housing." (D.E. 418 at 1.) She is also concerned about her 12-year old son's health problems. According to Quintana, he is epileptic and requires 17 different medications daily. (D.E. 418 at 1.) She asks for a sentence modification or that the Court order the remainder of her sentence to be served on probation.

Quintana was sentenced by this Court on May 24, 2007, to 36 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term. (D.E. 333, 364.) She has appealed to the Fifth Circuit, and her direct criminal appeal remains

1

pending.  See generally Docket in United States v. Quintana-Zavala, No. 07-40580 (5th Cir.).

This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Quintana fails to assert grounds for modification that fall into any of the categories above.  Rather, she is simply asking for a reduced sentence based on the fact that she is concerned about her children's care in her absence.  Therefore, the Court does not have authority to alter Quintana's sentence and her motion for a reduction in sentence (D.E. 418) is DENIED.

It is so ORDERED this 23rd day of February, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE